UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALECIA MOORE,

    Plaintiff,

v.                                                                          Case No: 8:23-cv-1626-WFJ-JSS

HILLSBOROUGH COUNTY
SHERIFF'S OFFICE and FEDERAL
BUREAU OF INVESTIGATION,

    Defendants.
_____/

**ORDER**

Plaintiff, proceeding pro se, moves the court for an order directing the United States Marshals Service to effectuate service of process on Defendants in this matter. (Motion, Dkt. 9.) Upon consideration, Plaintiff's Motion is denied without prejudice.

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Where a plaintiff is not proceeding in forma pauperis, the court has discretion to determine whether to order the Marshal's service to effectuate service. *See Daker v. Ward*, No. 23-10609, 2023 WL 7182358, at *4 (11th Cir. Nov. 1, 2023) (holding that district court "did not abuse its discretion in declining to order USMS to complete service, especially given its finding that [plaintiff] had adequate resources that would have allowed him to contact and hire a private process server"); *cf.* Fed. R. Civ. P. 4(c)(3) (The court "must so order if the plaintiff is authorized to proceed in

forma pauperis under 28 U.S.C. § 1915[.]")  Further, "a plaintiff requesting appointment of the United States Marshal in order to comply with the service requirements of Rule 4 must provide a factual basis for why a court order is necessary to accomplish service."  *Prosperous v. Todd*, No. 8:17-cv-996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) (citing *GMAC Real Estate, LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 10, 2010)).

Plaintiff has paid the filing fee and is not proceeding in forma pauperis in this matter.  The court therefore has discretion to appoint the U.S. Marshals service to effectuate service.  Upon review of Plaintiff's Motion, the Motion has no content and thus fails to provide a sufficient factual basis on which the court can find that service by the U.S. Marshals Service is necessary in this action.  *See* (Dkt. 9.)  Accordingly, Plaintiff's Motion for U.S. Marshals to Serve Defendant (Dkt. 9) is **DENIED without prejudice**.[1]

**ORDERED** in Tampa, Florida, on December 11, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[1] The court notes that there are several alternatives available to Plaintiff, such as hiring a private process server or requesting that Defendants waive service.